**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA *ex.rel.*
PENELOPE THOMAS AND CATHIA GAVIN,

Plaintiffs,

v. Case No.: 8:11-CV-583-T-23TBM

SARASOTA PAIN ASSOCIATES, P.A.
AND STEVEN Y. CHUN, M.D.,

Defendants.
________________________________________/

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendants, SARASOTA PAIN ASSOCIATES, P.A. (SPA), and DR. STEVEN Y. CHUN, M.D. (CHUN) (and referred to collectively as "Defendants"), by and through their undersigned legal counsel, and hereby files their Answers and Affirmative Defenses to the Complaint. Defendants jointly answer as follows:

1. Defendants ADMIT the action is filed as stated.

2. Defendants DENY the allegations in Paragraph 2.

3. Defendants are without knowledge of the allegations in Paragraph 3 and therefore they are DENIED.

4. Defendants are without knowledge of the allegations in Paragraph 4 and therefore they are DENIED.

5. Defendants DENY the allegations in Paragraph 5.

6. Defendants ADMIT a Relator can file a false claims action and share in the recovery, but DENY this is such a case or Plaintiffs are such persons.

7. The allegations in Paragraph 7 are ADMITTED for jurisdictional purposes only.

8. Defendants ADMIT to personal jurisdiction but DENY they have committed any violations of 31 U.S.C. s. 3729.

9. Defendants are without knowledge of the allegations in Paragraph 9 and therefore are DENIED. Defendants are aware that the Government has filed a written election not to intervene at this time.

10. Defendants ADMIT venue is proper but DENY any other portion of Paragraph 10.

11. Defendants DENY Paragraph 11.

12. Defendants DENY Paragraph 12.

13. Defendants DENY Paragraph 13.

14. Defendants DENY Paragraph 14.

15. Defendants ADMIT Dr. Chun is the owner of SPA and a physician licensed to practice medicine in the State of Florida specializing in pain management but otherwise DENIES Paragraph 15.

16. Paragraph 16 purports to be a portion of the United States Code and requires no response. Since it is incomplete and included as an allegation, the Defendants would DENY Paragraph 16.

17. Paragraph 17 purports to be a portion of Florida State Statute and requires no response. Since it is incomplete and included as an allegation, the Defendants would DENY Paragraph 17.

18. Paragraph 18 purports to be a portion of Florida State Statute and requires no response. Since it is incomplete and included as an allegation, the Defendants would DENY Paragraph 18.

19. Defendants are without knowledge of the complete allegations in Paragraph 19 and therefore, they are DENIED.

20. Defendants are without knowledge of the complete allegations in Paragraph 20 and therefore, they are DENIED.

21. Defendants are without knowledge of the complete allegations in Paragraph 21 and therefore, they are DENIED.

22. Defendants are without knowledge of the complete allegations in Paragraph 22 and therefore, they are DENIED.

23. Defendants are without knowledge of the complete allegations in Paragraph 23 and therefore, they are DENIED.

24. Defendants are without knowledge of the complete allegations in Paragraph 24 and therefore, they are DENIED.

25. Defendants are without knowledge of the complete allegations in Paragraph 25 and therefore, they are DENIED.

26. Defendants are without knowledge of the complete allegations in Paragraph 26 and therefore, they are DENIED.

27. Defendants are without knowledge of the complete allegations in Paragraph 27 and therefore, they are DENIED.

28. Defendants are without knowledge of the complete allegations in Paragraph 28 and therefore, they are DENIED.

29. Defendants are without knowledge of the complete allegations in Paragraph 29 and therefore, they are DENIED.

30. Defendants are without knowledge of the complete allegations in Paragraph 30 and therefore, they are DENIED.

31. Defendants are without knowledge of the complete allegations in Paragraph 31 and therefore, they are DENIED.

32. Defendants are without knowledge of the complete allegations in Paragraph 32 and therefore, they are DENIED.

33. Defendants are without knowledge of the complete allegations in Paragraph 33 and therefore, they are DENIED.

34. Defendants are without knowledge of the complete allegations in Paragraph 34 and therefore, they are DENIED.

35. Defendants are without knowledge of the complete allegations in Paragraph 35 and therefore, they are DENIED.

36. Defendants are without knowledge of the complete allegations in Paragraph 36 and therefore, they are DENIED.

37. Defendants are without knowledge of the complete allegations in Paragraph 37 and therefore, they are DENIED.

38. Defendants are without knowledge of the complete allegations in Paragraph 38 and therefore, they are DENIED.

39. Defendants DENY the allegations in Paragraph 39.

40. Defendants DENY the allegations in Paragraph 40.

41. Defendants DENY the allegations in Paragraph 41.

42. Defendants DENY the allegations in Paragraph 42.

43. Defendants DENY the allegations in Paragraph 43.

44. Defendants DENY the allegations in Paragraph 44.

45. Defendants DENY the allegations in Paragraph 45.

46. Defendants DENY the allegations in Paragraph 46.

47. Defendants DENY the allegations in Paragraph 47.

48. Defendants DENY the allegations in Paragraph 48.

49. Defendants DENY the allegations in Paragraph 49.

50. Defendants DENY the allegations in Paragraph 50.

51. Defendants DENY the allegations in Paragraph 51.

52. Defendants DENY the allegations in Paragraph 52.

53. Defendants DENY the allegations in Paragraph 53.

54. Defendants DENY the allegations in Paragraph 54.

55. Defendants DENY the allegations in Paragraph 55.

56. Defendants DENY the allegations in Paragraph 56.

57. Defendants DENY the allegations in Paragraph 57.

58. Defendants DENY the allegations in Paragraph 58.

59. Defendants DENY the allegations in Paragraph 59.

60. Defendants DENY the allegations in Paragraph 60.

61. Defendants DENY the allegations in Paragraph 61.

62. Defendants DENY the allegations in Paragraph 62.

63. Defendants DENY the allegations in Paragraph 63.

64. Defendants DENY the allegations in Paragraph 64.

65. Defendants DENY the allegations in Paragraph 65.

66. Defendants DENY the allegations in Paragraph 66.

67. Defendants DENY the allegations in Paragraph 67.

68. Defendants DENY the allegations in Paragraph 68.

69. Defendants DENY the allegations in Paragraph 69.

70. Defendants DENY the allegations in Paragraph 70.

71. Defendants DENY the allegations in Paragraph 71.

72. Defendants DENY the allegations in Paragraph 72.

73. Defendants DENY the allegations in Paragraph 73.

74. Defendants DENY the allegations in Paragraph 74.

75. Defendants DENY the allegations in Paragraph 75.

76. Defendants DENY the allegations in Paragraph 76.

77. Defendants DENY the allegations in Paragraph 77.

78. Defendants DENY the allegations in Paragraph 78.

79. Defendants DENY the allegations in Paragraph 79.

80. Defendants DENY the allegations in Paragraph 80.

81. Defendants DENY the allegations in Paragraph 81.

82. Defendants DENY the allegations in Paragraph 82.

83. Defendants DENY the allegations in Paragraph 83.

84. Defendants DENY the allegations in Paragraph 84.

85. Defendants DENY the allegations in Paragraph 85.

86. Defendants DENY the allegations in Paragraph 86.

WHEREFORE, Defendants pray this Honorable Court will enter Judgment in their Favor, and Deny the requested relief on all Counts.

## AFFIRMATIVE DEFENSES

1. Defendants have never intentionally submitted claims they knew to be false under 31 U.S.C. s. 3730.

2. Defendants have never knowingly submitted false claims.

3. The action is barred by the prior public disclosure voiding the Court of jurisdiction over the allegations.

4. The relators are barred from bringing this claim under the doctrine of unclean hands.

5. The relators are themselves responsible for any false claims that may have been submitted.

6. The rules regulating the submission of claims are unclear, vague, ambiguous, subjective, or worded to such a degree that a knowing, intentional violation would be impossible as applied or alleged in this case.

7. Defendants relied upon expert advice in the interpretation of billing codes (hereinafter “CPT Codes”).

8. Defendants relied upon Medicare, Medicaid, Tricare, Worker’s Compensation, private carrier, and First Coast E/M Worksheets as resources and information in submitting CPT Codes for billing. The United States would be equitably estopped from bringing this claim.

9. Defendants made a reasonable interpretation of a Medicare, or other regulation, in all instances. The United States would be equitably estopped from bringing this claim.

10. The United States has suffered no damages as a result of the submission of claims by Defendants.

11. Steven Chun, M.D. has no personal liability, submitted no claims, or collected any monies.

12. Steven Chun, M.D. is not the proper party to this action.

13. A party other than the Defendants would be responsible for the submission of false claims without the knowledge of the Defendants.

14. Defendants assert that their actions were always conducted in good faith and constitute lawful conduct.

15. Any false information fails to meet the materiality requirement of 31 U.S.C. s. 3730.

16. Plaintiff-relators' personally participated in and perpetuated any alleged unlawful conduct and therefore should be barred under 31 U.S.C. s. 3739(d) from benefiting from their own misdeeds.

17. Defendants detrimentally relied upon the information, directions, interpretations, rules and rulings of Medicare in making decisions about acceptable coding or submissions estopping the United State from bringing this action.

18. Defendants' interpretations of Medicare, Medicaid, and all other billing rules have always been objectively reasonable.

19. The allegations in the Complaint are barred by the doctrine of laches.

20. Defendants assert that the allegations in the Complaint fail to state a cause of action upon which relief may be granted under the False Claims Act, or under common law or

state law claims because the Complaint fails to meet the specificity requirement of pleading fraud under Fed. R. Civ. P. 9.

21. Defendants assert that it is entitled to a set-off to account for services rendered.

22. The United States has engaged in conduct sufficient to constitute a waiver and ratification of any alleged claim for relief.

23. The claims brought by the Claimant are barred by the Government Knowledge Defense.

24. The allegations in the Complaint invade the province and medical judgment of a physician in the treatment of his patients. A medical doctor is duty bound to exercise independent medical judgment to each patient free of billing or coding concerns. The proper exercise of this judgment serves as an estoppel to the United States for the allegations in the Complaint.

25. Defendants assert that medical coding is a subjective process on which reasonable minds can and do differ, and that a mere disagreement as to a coding decision does not constitute the knowing submission of a false claim, or entitle the United States to recover any funds under a theory of payment by mistake of fact, overpayment or unjust enrichment.

26. An adequate remedy at law exists for claims of overpayment, or mistake and unjust enrichment cannot be found where an adequate remedy at law exists.

27. Negligence fails to meet the standard for liability under the False Claims Act.

28. Defendants assert that the assessment and collection of per claim penalties under the False Claims Act is barred in its application here by the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

29. Plaintiff-relators lack the requisite standing to bring any common law claims such as unjust enrichment.

WHEREFORE Defendants pray this Honorable Court will accept the answer and affirmative defenses and dismiss all counts.

Respectfully submitted

s/ James A. Wardell

JAMES A. WARDELL, ESQUIRE
WARDELL & QUEZON, P.A.
805 W. Azeele Street
Tampa, Florida 33606
Telephone: (813) 387-3333
Facsimile: (813) 387-3050
Florida Bar No.: 0868061
jwardell@jawlaw.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 27, 2012, the above document was electronically filed with the Clerk of Court by using the Court's Electronic Case Filing System, and relied upon the system's automatic service of this document to Plaintiffs' counsel.

s/ James A. Wardell
JAMES A. WARDELL, ESQUIRE